IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PAIGE AGASSI SANDOVAL, § | | |
| Petitioner, § | | |
| § | | |
| VS. § | | C.A. NO. C-10-318 |
| § | | |
| RICK THALER,[1] § | | |
| Director, TDCJ-CID, § | | |
| Respondent. § | | |

## ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, and is currently incarcerated at the Formby Unit in Plainview, Texas. Proceeding *pro se*, petitioner filed a petition pursuant to 28 U.S.C. § 2254, challenging his 2008 Nueces County convictions for prostitution (D.E. 1). Pending is petitioner's motion for appointment of counsel (D.E. 11).

Petitioner cites to the Texas Code of Criminal Procedure in support of his request for appointment of counsel. Texas law does not govern habeas petitions filed in federal court. There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Service of process has just been ordered. Respondent's answer is

---

[1] Rick Thaler is the Director of TDCJ-CID, and is petitioner's custodian. The Clerk shall substitute Rick Thaler as the proper respondent in this case. Rule 2(a), Rules Governing Section 2254 Cases; FED. R. CIV. P. 25(d).

not due until the latter part of December. A decision cannot not be made about whether an evidentiary hearing is necessary until respondent files his answer and motion for summary judgment. At this stage of the proceedings, an evidentiary hearing is unnecessary, and appointment of counsel is counsel at this time is not warranted..

Counsel will be assigned *sua sponte* if there are issues which mandate an evidentiary hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995).

Accordingly, petitioner's motion for appointment of counsel (D.E. 11) is denied without prejudice.

ORDERED this 14th day of December 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE